UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JANET BRUSH,

    Plaintiff,

vs.

SEARS HOLDINGS CORPORATION
D/B/A SEARS, ROEBUCK & CO.,

    Defendant.
_____/

09-cv-81290-RYSKAMP/VITUNAC

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Janet Brush ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint and Request for Jury Trial in this action, hereby asserts claims against Defendant Sears Holdings Corporation d/b/a Sears, Roebuck & Co. ("Defendant") as follows:

### NATURE OF THE CASE

1. This is an action for declaratory, injunctive and equitable relief as well as compensatory and punitive damages, to redress Defendant's unlawful employment practices, including its unlawful retaliation and termination of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Florida Civil Right Act, Fla. Stat. § 760.01 *et seq.* ("FCRA").

2. Ms. Brush was an "employee" of Defendant and Defendant was Plaintiff's "employer" within the meaning of the relevant employment discrimination statutes.

3. Ms. Brush was employed by Defendant as a Loss Prevention District Coach ("LPDC"), supervising a number of employees in a number of stores throughout the state of Florida.

4. Any and all prerequisites to the filing of this suit have been met.

5. Defendant terminated Ms. Brush's employment after, and as a result of, Ms. Brush's participation in a sexual harassment investigation and because of her opposition to the nature and performance of the investigation.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Ms. Brush's rights under Title VII. The Court has supplemental jurisdiction over Ms. Brush's related claims arising under state law, the FCRA, pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

8. Ms. Brush has complied with all statutory prerequisites to her Title VII and FCRA claims, having dual-filed a charge of discrimination with the EEOC No. 510-2008-01370 on or about November 27, 2007, and received a notice of right to sue from the EEOC on or about June 29, 2009.

9. The EEOC issued a Letter of Determination, dated May 27, 2009, stating, *inter alia*: "I have determined that the evidence obtained during the investigation establishes a violation of Title VII of the Civil Rights Act of 1964, as amended, in that [Ms. Brush] was terminated in retaliation for engaging in protected activity."

## PARTIES

10. For all relevant times, Ms. Brush met the definition of "employee" within the meaning of Title VII and the FCRA.

11. Defendant, according to its website, is "the nation's fourth largest broadline retailer with approximately 3,900 full-line and specialty retail stores in the United States and Canada."

12. Defendant's website provides further: "The merger of Kmart and Sears as Sears Holdings Corporation closed on March 24, 2005, following affirmative shareholder votes of both companies."

13. For all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment*

14. Ms. Brush was first employed by Defendant and/or its predecessor-companies in Canada in 1982.

15. In 1984, Plaintiff was promoted to a full time position working for Defendant in Canada.

16. In 1992, after moving to the United States, Plaintiff was hired to work for Builders Square, an affiliated company of Defendant.

17. In 1997, Plaintiff was approached by Defendant's employees, Lisa James and Ernie Wallace, to work as a Regional Store Systems Trainer in West Palm Beach. She accepted the position and performed well.

18. In 1998, Plaintiff, based on her outstanding performance, received additional stores to manage and additional compensation.

19. In 2000, Plaintiff again was promoted and given additional responsibilities.

20. Plaintiff was given the title of District Manager and given a pay raise.

21. From 2000 through 2006, Plaintiff performed at a very high level, receiving accolades, compliments, awards, and increased responsibilities.

22. In June of 2007, Plaintiff was placed on a Performance Improvement Plan. In September 2007, based on her performance, Plaintiff successfully completed and was taken off the Performance Improvement Plan.

*The Rape and Subsequent Investigation*

23. On or around September 15, 2007, WC[1], an Assistant Store Coach, called Plaintiff and informed her that she was being sexually harassed by her Store Coach.

24. The call was placed based on Plaintiff's relationship with WC; the type of relationship Plaintiff enjoyed with dozens of her subordinates and co-workers at Defendant.

25. After receiving the call from WC, Plaintiff called Regional Operations Coach Dave Rodney and Regional Loss Prevention Coach Shane Pearson to report the sexual harassment complaint.

26. On or about September 16, 2007, Bill Ellis, Divisional Vice President, Bob Church, Divisional Loss Prevention Coach, and Keith Johnson, Divisional Human Resources Manager, instructed Plaintiff and Scott Reuter, Operations District Coach, to visit the site of the sexual harassment complaint – Store 3478 in Orlando, Florida.

27. Plaintiff and Mr. Reuter visited the store and suspended the Store Coach Roger Daley.

28. After suspending Roger Daley, Plaintiff then reported her actions to Keith Johnson and Bob Church.

29. Messrs. Johnson and Church then directed Plaintiff to meet with Carlos Martinez, WC's husband, because he had WC's cell phone, which allegedly contained inappropriate text messages from Roger Daley.

---

[1] To protect the identity of a rape victim in the public record, she will be referred to as WC in this Complaint.

30. Plaintiff and Scott Reuter met with Mr. Martinez and reviewed the sexually explicit material on WC's phone that Roger Daley had allegedly sent.

31. Plaintiff and Scott Reuter left Orlando and returned the next day for interviews in connection with the WC sexual harassment investigation.

32. Scott Reuter conducted the initial interviews and Plaintiff was there as a witness and to provide assistance.

33. WC was the first person to be interviewed by Mr. Reuter.

34. WC told Mr. Reuter and Plaintiff that Mr. Daley had made sexual advances towards her, had touched her private areas, and made a bed of pillows on Defendant's property.

35. During the initial WC interview, Plaintiff detected that WC was not being completely forthcoming. Plaintiff sensed WC's discomfort with the male investigator, who she barely knew. WC was standoffish and guarded.

36. Plaintiff had participated in investigations for over two decades and could detect that because WC had never met Mr. Reuter before she was visibly apprehensive.

37. After WC's initial interview was complete, Plaintiff and Mr. Reuter discussed the interview.

38. They agreed that WC was nervous and uncomfortable speaking with Mr. Reuter.

39. Mr. Reuter indicated he believed there was more to the story than WC was disclosing.

40. Mr. Reuter and Plaintiff discussed Plaintiff approaching WC to see if she wanted to add anything to her prior interview.

41. Plaintiff then met with WC and asked her if she was uncomfortable speaking candidly with Mr. Reuter and she indicated she was.

42. Plaintiff asked WC if she had shared the entirety of her story with Mr. Reuter. WC almost immediately looked down, began crying, and said she had not.

43. WC, who had known Plaintiff for many years, than emotionally exclaimed that she had been raped three times on Defendant's property by her direct supervisor.

44. WC's emotions were flowing. She was scared and was admitting a violent felony had been allowed to occur on Defendant's premises.

45. Plaintiff informed WC that she was required to disclose this information to Defendant.

46. WC fearfully pleaded that her husband, another employee of Defendant, not be told about this situation.

47. Plaintiff immediately informed Mr. Reuter that their suspicions were confirmed and there was more to WC's story – she had been criminally violated on several occasions on Defendant's premises.

48. Plaintiff immediately contacted Keith Johnson and Bob Church to report her findings. She wanted to involve the police and disclose the criminal allegations. Plaintiff stated that they need to contact the Orange County Police.

49. Messrs. Johnson and Church told Plaintiff not to call law enforcement and that they would discuss the matter with their legal department.

50. During the next two weeks, Plaintiff assisted in gathering videotape evidence in connection with the WC investigation.

51. On October 1, 2007, Plaintiff was ordered to hide WC away in the store while Messrs. Church and Johnson interviewed Mr. Daley. WC was horrified that Mr. Daley was interviewed on the premises and she was required to be holed away.

52. After Messrs. Church and Johnson met with Mr. Daley, a decision was made to terminate Mr. Daley's employment for inappropriate behavior.

53. On November 20, 2007, Plaintiff was terminated because of the way in which she conducted the sexual harassment investigation.

54. During her termination meeting Plaintiff was asked whether she spoke with WC alone.

55. When Plaintiff answered that she had, Plaintiff was told she was being terminated for violating Defendant's sexual harassment investigation policy.

*The Pretextual Termination*

56. Plaintiff was a stellar employee for Defendant and its predecessor companies for almost 25 years.

57. Plaintiff did not violate any sexual harassment investigation policy.

58. Plaintiff's termination was pretextual. In fact, the EEOC has conducted an investigation and determined "that witness testimony confirmed [Plaintiff's] allegation that [Defendant] negatively viewed her participation in the sexual harassment investigation and terminated her employment under pretextual reasons."

59. Plaintiff was terminated because she uncovered that Defendant had negligently allowed three forcible rapes to occur on its premises and did nothing about it.

60. Plaintiff was terminated because she raised rape issues that would have been kept hidden if she had allowed Mr. Reuter to conduct the interviews.

61. Plaintiff was terminated because of her participation in the investigation and her opposition to the way in which Defendant was conducting the investigation.

62. Plaintiff's long tenure with Defendant was ignored and she was terminated because she was considered a trouble-maker and whistleblower.

## COUNT I

## VIOLATIONS OF TITLE VII

63. Ms. Brush, re-adopts and re-alleges the allegations set forth in paragraphs 1-62, as if fully set forth herein and further alleges.

64. Title VII makes it unlawful for an employer to discharge or discriminate against an employee because she participates in a sexual harassment investigation or opposes unlawful conduct under the statute.

65. Defendant violated Title VII when it terminated Ms. Brush's employment because she participated in the WC sexual harassment investigation, because she raised issues concerning rape and violations of law, and because she opposed the way in which Defendant was conducting its sexual harassment investigation.

WHEREFORE, Ms. Brush demands a jury trial and judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs for Defendant's wilful violation of Title VII.

## COUNT II

## VIOLATION OF THE FCRA

66. Ms. Brush, re-adopts and re-alleges the allegations set forth in paragraphs 1-62, as if fully set forth herein and further alleges.

67. The FCRA makes it unlawful for an employer to discharge or discriminate against an employee because she participates in a sexual harassment investigation or opposes unlawful conduct under the statute.

68. Defendant violated the FCFRA when it terminated Ms. Brush's employment because she participated in the WC sexual harassment investigation, because she raised issues concerning

rape and violations of law, and because she opposed the way in which Defendant was conducting its sexual harassment investigation.

WHEREFORE Ms. Brush demands a jury trial and judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs for Defendant's wilful violation of the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Brush prays that the Court enter judgment in his favor against Defendant, containing the following relief:

A.   With respect to Counts I and II, a declaratory judgment that the employment actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Florida;

B.   With respect to Counts I and II, an award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment and any and all other recognized types of compensatory damages;

C.   With respect to Counts I and II, an award of punitive damages;

D.   With respect to Counts I and II, an award of costs that Ms. Brush has incurred in this action, as well as Ms. Brush's reasonable attorneys' fees to the fullest extent permitted by law; and

E.   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Ms. Brush hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: September 3, 2009

                                      Respectfully submitted,

                                      BRIAN D. BUCKSTEIN, P.A.
                                      Attorney for Plaintiff
                                      1665 Palm Beach Lakes Blvd.
                                      Suite 803
                                      West Palm Beach, FL 33401
                                      Tel:561.683.2952
                                      Fax:561.683.2953
                                      bbuckstein@bucksteinlaw.com
                                      www.bucksteinlaw.com

                                      _____
                                      Brian D. Buckstein, Esq.
                                      Fla. Bar No. 0618934

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by ___ D.C.
ELECTRONIC
**Sept. 4, 2009**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
Janet Brush

**DEFENDANTS**
Sears Holdings Corporation d/b/a Sears, R...

**(b)** County of Residence of First Listed Plaintiff  St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian D. Buckstein, P.A., 1665 Palm Beach Lakes Blvd., Suite 803
West Palm Beach, FL 33401

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

09CV81290 KLR/AEV

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE _____  DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Retaliation under Title VII of Civil Rights Act, 42 U.S.C 2000e et seq.

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _[signature]_
DATE 9/3/09

**FOR OFFICE USE ONLY**
AMOUNT _350_  RECEIPT # _726290_